**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                             Case No:  2:12-cv-408-FtM-38DNF

KENNETH E. CLESEN, SR. and
KAREN ARMENI f/k/a KAREN A
CLESEN,

          Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Final Summary Judgment of Foreclosure and Motion to Tax Costs and Attorney's Fees (Doc. #31) filed on April 5, 2013.[1]  The Court finds that an evidentiary hearing is not required and the matter is otherwise ripe for review.

Pursuant to Fed. R. Civ. P. 55, a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." Solaroll Shade and Shutter Corp. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986).  "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l

---

[1] Even though titled a motion for summary judgment, Plaintiff is requesting that final default judgment be entered against Defendants as Defendants have failed to answer or otherwise respond to the Complaint.

<u>Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).[2]   Before entering a default judgment, the Court must ensure that the Court has jurisdiction over the claims and the well-pleaded allegations of the Complaint state a claim for which relief may be granted.  <u>Tyco Fire & Sec., LLC v. Alcocer</u>, 218 F. App'x 860 (11th Cir.2007).   Upon review of the Complaint and the allegations therein, the Court finds that Defendants Kenneth E. Clesen, Sr. and Karen Armeni are deemed to have admitted the well-pleaded allegations therein and is concluded by those facts. Therefore, plaintiffs are entitled to a default judgment.

The Complaint (Doc. #1) alleges that Defendants owe a debt to an agency of the United States, namely the Farm Service Agency f/k/a Farm Home Administration, United States Department of Agriculture.  The debt is evidenced by a certain promissory note owned and held by the Plaintiff and executed and delivered to Plaintiff on March 24, 2005, in the amount of $117,740.00 with an adjustable rate of interest.  A copy of the Note is attached to the Complaint.  (Doc. #1-1).  The Complaint alleges that there has been a default under the covenants, terms, and agreements of the Note in that payment was due June 28, 2007, through January 13, 2009 for the Note, and all subsequent payments, have not been paid.  It is alleged that all conditions precedent to the acceleration to this Note have been fulfilled or have occurred.  Plaintiff alleges that it is now entitled to recover its costs and fees pursuant to Paragraph 8 of the mortgage Defendants executed securing the Note.  (Docs. #1-2, 1-3).  A Clerk's Default was previously entered against Defendant Clesen on November 19, 2013 (Doc. #12) and

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

against Defendant Armeni on April 4, 2013 (Doc. #25) for failure to respond or otherwise appear in this action.  Therefore, all prerequisites pursuant to Fed. R. Civ. P. 55(a) have been met.

With regard to damages, a judgment by default may not be entered without a hearing on damages unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  See SEC v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary.  Id. at 1232 n.13 ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone ... We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted).  In this case, a hearing on damages is unnecessary as there is a record before the Court regarding the amount of damages, which is capable of mathematical calculation.   Specifically, Plaintiff seeks the principal and interest due and owing on Loan No. 44-01 and Loan No. 44-99 in the amount of $122,630.47 as of March 4, 2013, as set forth in the Affidavit of Larry Purnell, Farm Loan Chief, Florida/VI Farm Loan Programs.  (Doc. #27).  Interest is accruing on the unpaid principal balances at the rate of 4.125% annually ($11.0509 per day).  Id. Plaintiff further seeks $3,260.50 in attorney's fees (Doc. #29) and $180.00 in costs (Doc. #28) pursuant to Paragraph 8 of the mortgage Defendants executed securing the Note.  (Docs. #1-2, 1-3).   The attorney billing and costs are included in attorney affidavits.  (Docs. #28-30).

After consideration, the Court finds that the requested judgment is proper in this matter as Defendants have failed to respond to the Complaint in this matter after proper

service and Plaintiff's Complaint contains well-pleaded allegations of fact, which are deemed admitted by the Defendants for failing to respond.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Final Summary Judgment of Foreclosure and Motion to Tax Costs and Attorney's Fees (Doc. #31) is **GRANTED**.  The Clerk shall enter judgment in favor of Plaintiff United States in the amount of $122,630.47 plus prejudment interest from March 4, 2013, through the entry of judgment, and postjudgment interest thereafter accruing at the annual rate of 4.125%.  The judgment shall also include an amount of $3,260.50 in attorney's fees and $180.00 in costs.

(2) After the entry of default judgment, the Clerk is directed to terminate all pending deadlines and motions and **CLOSE** the file.

(3) The Clerk of the Court shall provide a copy of this Order to the Defendants at the last known address in the Court file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record